BRINSTON *v.* BUTTERFIELD ET AL., BOARD OF ELECTIONS OF HAMILTON COUNTY.

(Decided July 17, 1934.)

*Mr. Alvin H. Rowe,* for appellant.
*Mr. Louis J. Schneider,* prosecuting attorney, and *Mr. Walton H. Bachrach,* for appellees.

BY THE COURT. This case is here on appeal from the Court of Common Pleas of Hamilton county. Jack

Abrams filed a declaration of candidacy for member of the Democratic County Central Committee, with the Board of Elections of Hamilton county, Ohio. In such declaration he stated:

"I hereby declare myself a candidate for election to the position of Member of the Democratic Hamilton County Central Committee from Ward 18 in said county, at the Primary Election to be held on the 14th day of August, 1934, and hereby request that my name be printed upon the official primary ballot as provided by law as a candidate of the Democratic Party."

A protest was filed against such declaration with the Board of Elections of Hamilton county, and the board, after hearing, overruled the protest and sustained the declaration.

It is contended that in so doing the board abused its discretion as such declaration was defective in that it did not state that the declarant was a candidate for County Central Committee from the 18th ward "of Cincinnati", which last two words were omitted.

This court, in a case from Butler county, sustained the board of elections of that county in holding a similar declaration defective.

Section 4785-78, General Code, provides in part as follows:

"In the case of protests filed against candidates for county offices or offices of a district lying within a county the same shall be heard and determined by the board of such county and its decision shall be final. If it is found that such candidate is not an elector of the state, district, county, ward or precinct in which he seeks to become such party candidate, or has not fully complied with the provisions of law as herein provided, his name shall be withdrawn and shall not be printed upon the ballot; but no declaration of candidacy shall be rejected for mere technical defects."

We find no provision of the law directly requiring

the presence of the words claimed to have been omitted. Evidently the board in the instant case was able to determine with certainty for what office the declarant filed. In the case of *State, ex rel. Dufficy*, v. *Board of Elections of Butler County*, unreported, the contrary was true, it being asserted for the board of elections in that case that there was more than one municipality in the county having the numerically designated ward mentioned in the declaration. In the instant case it is stated for the board that there is no municipality in, Hamilton county except Cincinnati having the numerically designated ward contained in the instant declaration. We mention these differences in the two cases simply as they apply to the discretion given boards of elections by the Legislature. Nothing has been shown this court warranting it in determining that the decision of the board of elections in the instant case should not be final; or that any direct provision of law has been ignored; or that the board of elections has abused the discretion given it by the Legislature.

The injunction is denied.

*Injunction denied.*

HAMILTON, P. J., and ROSS, J., concur.